UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:99-CR-486 CAS |
| | ) | |
| DARRELL HENRY WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This closed criminal matter is before the Court on defendant Darrell Henry Williams' Motion filed November 12, 2010. The motion seeks:

> The correct and [sic] information or documents, showing the exact time frame, when the alleged grand jury was impanel[ed] in the Eastern District of Missouri to investigate criminal allegation or conduct in that district, specifically, the event starting date and ending date (ie, year, month, and date) within 18 months, prior to November 4, 1999, and September 13, 2000, and in reference to criminal case no. 4:99486 [sic] CAS, U.S. v. Darrell Williams.

Mot. at 1. Defendant states that his reason for requesting this information is to determine whether the grand jury that indicted him served past an eighteen-month term. The government did not file a response to the motion and the time to do so has passed. For the following reasons, the motion will be granted in part and denied in part.

A party seeking disclosure of grand jury materials "carries the burden of making a 'strong showing of particularized need for grand jury materials.'" In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 306 (8th Cir. 1988) (quoting United States v. Sells Engineering, Inc., 463 U.S. 418, 443, 103 S. Ct. 3133, 3148 (1983)). In order to show particularized need, a party "must show that the material [he seeks] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to

cover only material so needed." Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979).

The Court will deny defendant's request to the extent it seeks the disclosure of any documents concerning the grand juries that indicted him, as it does not believe defendant has established a strong showing of particularized need for disclosure of those documents. The Court will grant the motion to the extent it seeks the dates the grand juries that indicted defendant were empaneled and discharged.

The Court has examined grand jury records maintained by the Clerk of the Court and determined the following. Defendant was indicted on November 4, 1999, by a grand jury empaneled by Order of the undersigned. This grand jury was empaneled on August 11, 1999, and discharged on February 9, 2001. Defendant was charged by superseding indictment on September 7, 2000, by a grand jury empaneled by Order of the Honorable Donald J. Stohr. Judge Stohr's grand jury was empaneled on August 23, 2000, and its last date of service was August 23, 2001.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion seeking disclosure of grand jury information or documents is **GRANTED in part** and **DENIED in part**, as set forth above. [Doc. 302]

　　　　　　　　　　　　　　　　　　　　　　／s／ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of November, 2011.